IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JULIE BROWN<br>1212 Bohac Lane<br>Accokeek, MD 20607 | *<br>*<br> |
| Plaintiff | * |
| vs. | * |
| | No.: |
| RELIANCE STANDARD LIFE INSURANCE COMPANY<br>P.O. Box 8330<br>Philadelphia, PA 19101-8330 | *<br>*<br>* |
| Serve:<br>Alfred Redmer, Jr.<br>Insurance Commissioner for the State of Maryland<br>200 St. Paul Place<br>Suite 2700<br>Baltimore, MD 21202-2272 | *<br>*<br>*<br>*<br>* |
| Defendant | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

Now comes the Plaintiff, Julie Brown, by and through her attorney, Keith R. Siskind and the Law Offices of Steinhardt, Siskind and Associates, LLC, and files this Complaint against the Defendant, and in furtherance thereof states as follows:

### Jurisdiction

1. That this Court has jurisdiction over the parties of this cause of action pursuant to Title 28 USC, §1332 and 29 USC, § 1132 (e).

2. That the ERISA statute provides, at 29 USC, § 1133, a mechanism for administrative or internal appeal of benefit denials. Those avenues of appeal are now exhausted as Defendant issued a final decision on February 7, 2018.

1

3. That this Court has jurisdiction of the subject matter as the long term disability plan issued by the Defendant to the Plaintiff's employer, Georgetown University, with an effective date of January 1, 2007, is a qualified Employee Welfare Benefit Plan regulated by the Employment Retirement Security Act of 1974, 29 USC, § 1001, et seq.

## Venue

4. That venue of this action lies in the United States District Court for the District of Maryland under 29 USC, § 1132(e)(2), 28 USC, § 1391, in that the Plaintiff resides in the State of Maryland, is employed in the State of Maryland, and the cause of action arose in the State of Maryland.

## The Parties

5. That the Plaintiff, Julie Brown, is an individual, a citizen of the State of Maryland, residing at 1212 Bohac Lane, Accokeek, MD 20607.

6. That the Defendant, Reliance Standard Life Insurance Company, entered into a contract of insurance with the Plaintiff's employer, Georgetown University, to provide long term disability benefits to its employees.

## Statement of Facts

7. That the Plaintiff was employed as a Senior Contract Specialist for Georgetown University where she began working in October, 2011.

8. That the Plaintiff is presently 53 years of age. Plaintiff ceased working as of October 10, 2016 as a consequence of multiple medical conditions including but not limited to lumbar spondylosis, radiculopathy, fibromyalgia, osteoarthritis in her neck, back and

legs, and sleep apnea. Additionally, the Plaintiff suffers from cognitive issues including difficulties with memory, concentration and processing speed weakness resulting in a mild cognitive impairment.

9. That after the Plaintiff ceased working she was paid 3 months of short term disability benefits through January 9, 2017. Plaintiff applied for long term disability benefits but such benefits were denied by the Defendant pursuant to a letter of March 27, 2017. **See Exhibit 1.**

10. That the Plaintiff retained the undersigned counsel and an appeal was filed on Plaintiff's behalf on September 15, 2017. **See Exhibit 2.**

11. That by letter dated February 7, 2018 the Defendant upheld its decision to deny Plaintiff's claim for long term disability benefits. The Defendant concluded that "…there is no valid or reliable evidence on file of any restrictions or limitations which would preclude her from working from a physical, cognitive or emotional standpoint. Simply put, nothing on file supports that there was a change in Ms. Brown's conditions which would warrant her work stoppage as of October 10, 2016. As such, we have found that Ms. Brown was able to perform her regular occupation as of October 10, 2016." **See Exhibit 3.**

12. That the aforesaid decision represented a final decision by the Defendant exhausting the Plaintiff's administrative remedies.

13. That at issue in this case is the policy language of the group plan issued by the Defendant. Pursuant to the plan the definition of disability is as follows:

> *Totally Disabled and Total Disability mean, that as a result of an Injury or*

*Sickness:*

> (1) during the Elimination Period and for the first 60 months for which a Monthly Benefit is payable, an Insured cannot perform the material duties of his/her Regular Occupation;
>> (a) 'Partially Disabled' and 'Partial Disability' mean that as a result of an Injury or Sickness an Insured is capable of performing the material duties of his/her Regular Occupation on a part-time basis or some of the material duties on a full-time basis. An Insured who is Partially Disabled will be considered Totally Disabled, except during the Elimination Period;
>> (b) 'Residual Disability' means being Partially Disabled during the Elimination Period. Residual Disability will be considered Total Disability; and
>
> (2) after a Monthly Benefit has been paid for 60 months, an Insured cannot perform the material duties of any occupation. Any occupation is one that the Insured's education, training or experience will reasonably allow. We consider the Insured Totally Disabled if due to an Injury or Sickness he or she is capable of only performing the material duties on a part-time basis or part of the material duties on a full-time basis.

14. That additionally, pursuant to the plan the term regular occupation is defined as follows:

    > *Regular Occupation means the occupation the Insured is routinely performing when Total Disability begins. We will look at the Insured's occupation as it is normally performed in the national economy, and not the unique duties performed for a specific employer or in a specific locale.*

15. That the Plaintiff contends that the Defendant did not conduct a full and fair review and that the decision to deny long term disability benefits to the Plaintiff was unreasonable and not supported by substantial evidence. In particular, the Plaintiff claims that the Defendant failed to adequately consider the Plaintiff's physical conditions, as well as the reports of Plaintiff's treating physicians and the results of a Disability Work Assessment. Furthermore, the Defendant relies heavily upon its independent neuropsychological evaluation to allege that the Plaintiff exaggerated her

4

cognitive and emotional impairment without adequately considering the Plaintiff's level of chronic pain. Additionally, the Defendant's independent neuropsychologist was also unable to conclude whether or not the Plaintiff's symptoms were present when she ceased working in October, 2016.

16. That the Plaintiff contends that she has submitted medical evidence to document her disability. The medical evidence submitted demonstrates that the Plaintiff is precluded from performing the material duties of her regular occupation as of October 10, 2016.

17. That the Defendant has failed to reasonably consider the medical evidence and consequently Plaintiff contends that the decision to deny such benefits was arbitrary, illegal, capricious, unreasonable, discriminatory, and not made in good faith.

18. That as a direct and proximate result of the aforesaid actions the Defendant is in breach of its agreement to provide long term disability benefits under the plan.

19. That as a direct and proximate result of the actions of the Defendant the Plaintiff has sustained damages in the amount of $ 3,854.62 per month, representing 60% of the Plaintiff's monthly earnings of $ 6,424.36 per month. The Plaintiff is currently due benefits from January 10, 2017 through March 10, 2018, a period of 14 months in the amount of $ 53,964.68. The claim continues at the rate of $ 3,854.62 per month.

20. That as a direct and proximate result of the Defendant's actions the Plaintiff has been caused to incur attorney's fees and costs in an amount not now known to the Plaintiff.

WHEREFORE, the Plaintiff prays for the following relief:

    a.    That this Court order the Defendant to pay the Plaintiff all long term

disability benefits due to the Plaintiff pursuant the plan, said benefits beginning January 10, 2017;

b.  Granting the Plaintiff a monetary judgment against the Defendant for all amounts due and owing, including prejudgment interest;

c.  That the Court award Plaintiff her attorney's fees pursuant to 29 U.S.C. § 1132; and

d.  For any and all other relief to which the Plaintiff may be entitled or the nature of this cause of action may require.

/s/ *Keith R. Siskind, Esquire*
Keith R. Siskind, Esquire
Steinhardt, Siskind and Associates, LLC
808 Landmark Drive, Suite 227
Glen Burnie, MD 21061
410-766-7630
Attorney for Plaintiff
Trial Bar # 04415